### John T. Smith *vs.* John M. Way.

A judgment against an attorney in an action of contract for the breach of his written agreement, for a sufficient consideration, to discharge a judgment and execution is a bar to a subsequent action of tort against him to recover further damages for an arrest by his directions upon the same execution.

TORT against an attorney at law to recover damages for causing the plaintiff to be arrested upon an execution, in violation of the defendant's written agreement to discharge the same for a sufficient consideration. The agreement upon which the action was founded was the same set forth in an action of contract, for the violation of it, between the same parties, and copied in full in 6 Allen, 212; and the declaration in the present action set forth substantially the same facts which were alleged and proved in the former action, with the addition of an averment of special damages by reason of the arrest.

At the trial in the superior court, before *Putnam*, J., without a jury, the defendant offered in evidence the record in the former

case, by which it appeared that the plaintiff recovered judgment therein, for a sum ascertained in conformity to the rules laid down in 6 Allen, 214; and the judge ruled that the former judgment was a bar to this action. The plaintiff alleged exceptions.

*J. D. Thomson,* for the plaintiff.

*E. M. Bigelow,* for the defendant.

CHAPMAN, J. By the breach of agreement set forth in the plaintiff's declaration, the defendant became liable to the plaintiff for a single cause of action, and one action only could be maintained upon that liability. *Bennett* v. *Hood,* 1 Allen, 47. Assuming that the plaintiff had his election to sue either in contract or in tort, yet a judgment in one form would be a bar to an action in the other form. *Eastman* v. *Cooper,* 15 Pick. 285. *Norton* v. *Doherty,* 3 Gray, 372. *Burnett* v. *Smith,* 4 Gray, 50. *Warren* v. *Comings,* 6 Cush. 103. These cases sufficiently illustrate the doctrine, and it is not necessary to refer to the other authorities cited.

The plaintiff has heretofore brought his action of contract for his cause of action, it being the case reported in 6 Allen, 212, and has recovered judgment for his damages. The amount he there recovered was held to be a compensation for all the natural and proximate consequences of the defendant's failure to fulfil his contract. Probably this is all he would have been entitled to recover if his action had been tort instead of contract; but if upon the allegation of special damages in his declaration it would have been otherwise, still the damages cannot be severed, and the judgment in the former action is a bar to the present action.